# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE 1, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No. 09-cv-7656 |
| v. ) | |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| THE CATHOLIC ARCHDIOCESE ) | |
| OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs in this case are 73 adults who allege that, as minors, they were sexually abused by Catholic priests. They raise multiple claims against the Catholic Archdiocese of Chicago, members of the Archdiocese hierarchy, and agents employed by the Archdiocese to investigate and mediate the allegations of abuse. Because the plaintiffs' allegations do not suggest that they are entitled to relief under federal law, the counts of their complaint asserting federal constitutional and statutory violations are dismissed. Since the pleadings reveal no basis for this court's exercise of jurisdiction over the plaintiffs' state law claims, their remaining claims are dismissed without prejudice.

### The Plaintiffs' Allegations

The defendants seek dismissal of the plaintiffs' amended complaint for failure to state a claim for relief. For the purposes of the motion, the allegations of the plaintiffs' complaint are taken as true. *Martin v. Davies,* 917 F.2d 336, 340-41 (7th Cir. 1990). The amended complaint

alleges the following facts.

Each member of the plaintiff group, as a minor, was the victim of sexual abuse committed by at least one of four different priests of the Archdiocese of Chicago. (The individual priests are not parties to the plaintiffs' action.) The Archdiocese knew that its priests were sexually abusing minors, and did not report the abuse to law enforcement authorities or take any other steps to prevent such acts.

Each of the plaintiffs is of African-American or Hispanic ethnicity. The Archdiocese, after learning of the abusive acts of specific priests, placed or kept them in assignments in minority communities where "demographic factors" created a "high risk" of vulnerability to sexual abuse. (Amended Complaint, Par. 26.)

Seven of the plaintiffs filed suit against the Archdiocese, then resolved those suits through settlement and signed settlement agreements and releases of their claims. 41 additional plaintiffs signed settlement agreements with the Archdiocese without filing suit. The remaining 25 plaintiffs seek to resolve their claims through settlement. The Archdiocese decided whether to settle and how much to pay to victims of abuse on racial grounds, and offered and paid more to white victims than to nonwhite victims. The Archdiocese subjected the plaintiffs to various indignities not aimed at white victims: it insisted that they take polygraph examinations, demanded that they apologize for public demonstrations against the Archdiocese, attempted to intimidate public reporting of their claims, and threatened to withhold settlement completely if they continued to retain their original attorney.

The Archdiocese knew the extent of the abuse problem but concealed that knowledge from the plaintiffs, whose settlement approaches and demands would have been different had

2

they possessed the withheld facts. The Archdiocese orally agreed to mediate their claims in good faith, but joined with the mediator it selected to use unfair tactics to stall, prevent, or unfairly influence the mediation process. The Archdiocese engaged an investigator who purported to provide an unbiased assessment of the alleged race-based differences between the treatment of white and nonwhite victims, and conspired with the investigator to produce a false report. The plaintiffs were damaged by the defendants' actions, and the group of plaintiffs who previously settled their claims were damaged by settling for less than they would have received in the absence of the defendants' discrimination.

## Jurisdiction

The plaintiffs invoke this court's federal question jurisdiction. They claim that the defendants' actions violate the First, Fifth and Fourteenth amendments of the U.S. Constitution; that the actions were done under color of law because they were "enabled, aided, or assisted" by the use of federal funds; and that the actions violated the Racketeer Influenced and Corrupt Organizations Act. (Amended Complaint, Paragraphs 11-15.) They contend that their state law claims are properly heard here in an exercise of supplemental jurisdiction under 28 U.S.C. §1367.

## Sufficiency Of Plaintiffs' Federal Claims

The defendants seek dismissal of the plaintiffs' federal claims for failure to state a sufficient claim for relief. When the facts alleged by a plaintiff's complaint, even taken as true, do not entitle him to relief, dismissal of the complaint is proper under Federal Rule of Civil Procudure 12(b)(6). *Segal v. Geisha NYC LLC,* 517 F.3d 501, 505 (7th Cir. 2008). That disposition is appropriate for the plaintiffs' federal claims here.

3

The plaintiffs' complaint asserts multiple causes of action, but does not link those causes of action to specific allegations of conduct by the defendants. The complaint's assertion of "violation of constitutional rights" states that the defendants' actions violated "plaintiffs' civil rights and constitutional rights protected by the 1st, 5th and 14th Amendments and by the Anti discrimination Federal Laws of the United States." (Amended Complaint, Par. 96.)

The complaint makes no allegation that any of the defendants' conduct occurred in the course of activities – such as employment or the provision of public accommodations – that trigger federal prohibition of racial discrimination by private entities. The plaintiffs instead allege violations of the broad constitutional guarantees of equal protection and due process. These guarantees do not govern the conduct of private entities. See *Illinois Migrant Council v. Campbell Soup Co.,* 574 F.2d 374, 375-76 (7th Cir. 1978) (First Amendment); *Wade v. Byles,* 83 F.3d 902, 905 (7th Cir. 1996) (Fourteenth Amendment); *Cremin v. Merrill Lynch, Pierce Fenner & Smith,* 957 F. Supp. 1460, 1465 (N.D. Ill. 1997) (Fifth and Fourteenth Amendments).

The plaintiffs argue that their complaint states a sufficient claim of state action in alleging that the defendants were aided by their receipt of government funds. But state action is not established by a private entity's receipt of such funds or by its performance of services for the government. *Rendell-Baker v. Kohn,* 457 U.S. 830, 840-41 (1982). The plaintiffs' complaint is thus devoid of plausible allegations of state action. As a result, the actions alleged by the complaint are not governed by federal prohibitions against racial discrimination and the claims asserting violations of such prohibitions are properly dismissed. *Wilson v. Price,* 624 F.3d 389, 394-95 (7th Cir. 2010).

The complaint's remaining attempt to raise a federal question is its claim that the

defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962. (RICO.) RICO provides for civil recovery for any person "injured in his business or property" by prohibited racketeering activities. 18 U.S.C. §1964(c). Injuries of a personal nature, such as harm to a person's mental health, emotional or physical well-being, or ability to earn income, even if they result in quantified monetary damages, are not "business or property" injuries covered by the RICO statute. *Evans v. City of Chicago,* 434 F.3d 916, 926-28 (7th Cir. 2006). In the absence of an injury to a covered business or property interest, a plaintiff has no standing to make a RICO claim. *Evans,* 434 F.3d at 930-31. Since the complaint fails to allege a RICO injury, it fails to state a claim for relief under the statute.

For the foregoing reasons, the plaintiffs' claims for violations of the U.S. Constitution, federal prohibitions against racial discrimination, and RICO are dismissed with prejudice.

## State Law Claims

In addition to the federal claims addressed above, the plaintiffs claim that the defendants' conduct is actionable under a number of principles of Illinois law. They allege that the defendants breached contracts to mediate; intentionally inflicted emotional distress; made and broke promises that the plaintiffs relied upon to their detriment; fraudulently concealed material information; conspired for improper purposes; committed fiduciary fraud; negligently supervised the abusing priests; and committed sexual exploitation of minors.

Upon determining that a plaintiff's federal claims will be dismissed, this court has discretion to decline to exercise supplemental jurisdiction over pendent state court claims. 28 U.S.C. §1367(c)(3). For courts in this circuit, the prevailing presumption is that pendent state law claims should be dismissed without prejudice after dismissal of the federal claims. *Wright v.*

*Associated Insurance Companies, Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). Exceptions to this general rule arise when: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial resources have already been expended, necessitating a substantial duplication of effort in a new state court suit; or (3) it is absolutely clear how the pendent claims will be decided. *Sharp Electronics Corp. v. Metropolitan Life Insurance,* 578 F.3d 505, 514-15 (7th Cir. 2009). Consideration of the applicability of each of these exceptions to this case is appropriate here.

The plaintiffs' state law claims regarding the settlement and mediation processes, such as the claims for breach of contract, fraudulent concealment and fiduciary fraud, raise allegations regarding recent conduct. The parties do not suggest that these claims are time-barred. Illinois limitations statutes permit the refiling of claims dismissed by this court on jurisdictional grounds. 735 ILCS 5/13-217 (West 2008); *Davis v. Cook County,* 534 F.3d 650, 654 (7th Cir. 2008). But the plaintiffs also assert claims involving conduct that occurred decades ago, such as their claims for sexual exploitation of minors and failure to supervise the allegedly abusing priests. The defendants argue that these claims are time-barred by Illinois statutes of limitations and repose, and this argument raises at least the suggestion that, according to the first of the *Wright* exceptions noted above, those claims should not be dismissed.

This court nonetheless concludes that the defendants' potential limitations and repose defenses do not justify an exception to the general rule in favor of dismissal. When a plaintiff's pendent state claims can be heard by this court, and he loses the opportunity to bring them in state court while his federal claims are adjudicated, the inequity of a discretionary refusal to hear the state claims is readily apparent. No such inequity is present here. The defendants assert that

claims regarding conduct at or near the time of the abuse became time-barred long ago, not during the pendency of the litigation in this court. If their assertion is correct, the state statutory bar would have the same effect here as in an Illinois court, and a decision to relinquish jurisdiction will not subject the plaintiffs to a state court dismissal that they would have escaped here. Accordingly, the possibility that Illinois law may bar some of the plaintiffs' older claims does not warrant the retention of jurisdiction over those claims.

The second of the exceptions to the presumption against retention of supplemental jurisdiction is clearly inapplicable to this case. Although motion practice has been extensive, discovery has been stayed pending disposition of the pleading motion currently at issue and an action in an Illinois court on the remaining claims would result in little duplication of effort.

Finally, while retention of jurisdiction over state court claims is appropriate when their proper disposition is absolutely clear, the clarity required is more than the mere conclusion by this court that a party's position is unconvincing or unlikely to succeed. *Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997). When the proper disposition of a state claim remains in doubt, declining to exercise jurisdiction is appropriate. *Wright,* 29 F.3d at 1251. At the current preliminary stage of the litigation in this court, the parties have only engaged in argument regarding the pleadings, and there is sufficient doubt about the ultimate resolution of the plaintiffs' state claims to preclude certainty about the appropriate result.

Conclusion

The plaintiffs' claims for violation of the U.S. Constitution, federal anti-discrimination laws, and RICO are dismissed with prejudice. This court declines to exercise jurisdiction over the plaintiffs' remaining state law claims, and those claims are dismissed without prejudice.

So ordered.

_____
Hon. Sharon Johnson Coleman
January 10, 2011